Mr. George R. Rhoads Matthews, Campbell, Rhoads, McClure Thompson 119 South Second Street Rogers, Arkansas 72756-4525
Dear Mr. Rhoads:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), concerning certain records in the possession of Northwest Community College that have been requested by the Benton County Daily Record.
The records in question relate to a sexual harassment allegation made by a female work study student against a male employee of the College. You indicate that an investigation of the allegation was conducted, and the investigator determined that there was sufficient evidence to warrant further investigation. A review panel was formed and conducted a hearing. The review panel ruled that sexual harassment had not occurred. The female student appealed this ruling to the College's Board of Trustees. The Board of Trustees affirmed the decision of the review panel in an open meeting under the FOIA. However, in order to comply with the provisions of the "Family Educational and Rights of Privacy Act of 1974" (FERPA) (20 U.S.C. § 1232g), which prohibits the release of student names if federal funding is to be received, the Board referred to the parties as "student" and "employee" throughout the meeting. For this reason, the media never learned the names of the parties in this matter. A month later, the Benton County Daily Record submitted a request for "all documents related to the recent sexual harassment case."
You state that the documents in question consist of: (1) the original complaint; (2) statements taken by the initial investigator; (3) the hearing by the review panel; (4) the decision of the review panel; and (5) correspondence from the employee, the student, and the attorneys representing the College. The names of both parties appear throughout these documents. You further state that none of the documents have been placed in the personnel file of either the employee or the student.
Finally, you indicate that because of FERPA concerns, the name of the student will be deleted from the documents if they are released. For this reason, the student has not been notified of the FOI request. However, the employee has been notified of the request. He objects to the release of the documents.
With regard to the foregoing scenario, you have presented the following questions:
 (1) Do the sexual harassment case documents constitute "personnel records" within the meaning of A.C.A. § 25-19-105(b)(10)?
 (2) If these documents do constitute "personnel records," will disclosure of the documents constitute a clearly unwarranted invasion of personal privacy within the meaning of A.C.A. § 25-19-105(b)(10)?
 (3) If the documents are not personnel records, or if the release of the documents will not constitute a clearly unwarranted invasion of personal privacy, will the release of the documents with the name of the student (who was also an employee) removed from the documents pursuant to FERPA:
 (a) operate to make the release of the documents a clearly unwarranted invasion of personal privacy as to the employee whose name is left in the documents? or
 (b) operate otherwise to exempt the documents from release under the FOIA?
RESPONSE
Question 1 — Do the sexual harassment case documents constitute"personnel records" within the meaning of A.C.A. § 25-19-105(b)(10)?
I must note initially that I have not been provided with copies of the documents in question and therefore have not had the opportunity to examine them. I therefore cannot opine definitively as to whether they constitute "personnel records." I must also note that employee-related documents can constitute either "personnel records" or "job performance/employee evaluation records" (or neither) within the meaning of the FOIA. Therefore, the question of whether the documents that you have described could constitute "job performance/employee evaluation records" must also be considered, as well as the question of whether they constitute "personnel records."
The difference is significant, because the release of the two types of documents is governed by different standards. Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). In contrast, "employee evaluation or job performance records" (including "preliminary notes and other materials") are disclosable only if the following three conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).
Although I cannot draw any definitive conclusions as to whether the documents about which you have inquired constitute one type of record or the other, I can provide you with a discussion of the recognized characteristics of the two types of documents. This discussion can serve as a guideline upon the basis of which the custodian of the records can make a decision regarding their release.
The FOIA does not define the phrase "personnel records," nor has the term been defined judicially. I have previously opined, however, that statements taken as a part of an investigation into an allegation of sexual harassment, transcripts of such investigation proceedings, records which reflect administrative action in response to or in connection with such an allegation, and other ancillary documents created as a part of the investigation, constitute "employee evaluation/job performance records," rather than "personnel records." See Ops. Att'y Gen. Nos.96-342; 96-257; 96-324. Under those precedents, it is likely that the documents you describe as "statements taken by the initial investigator," "the hearing by the review panel," and "the decision of the review panel" do not constitute "personnel records," but rather, constitute "employee evaluation/job performance records."
It is more difficult for me to generalize concerning the correspondence documents. If they were created as a part of the investigation and detail the incident(s) that gave rise to the initial allegation, it is likely that they constitute "employee evaluation/job performance records," rather than "personnel records." See Ops. Att'y Gen. Nos. 96-342; 96-257. The contents of these documents and the circumstances under which they were created are questions of fact that can most likely be answered readily by the custodian of the records.
If these correspondence documents were not created as a part of the investigation, it is conceivable (depending upon their contents) that they could be classified as "personnel records," even though they are not maintained in the parties' personnel files. See WATKINS, Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) 125-26, wherein Professor Watkins notes that the term "personnel records" is broad enough to encompass a wide array of personnel-related documents, whether or not contained in the personnel file. The correct classification of the correspondence documents will turn entirely upon their contents and the circumstances under which they were created, which are questions of fact that are likely within the knowledge of the custodian of the records.
It is my opinion that the original complaint document is not an "employee evaluation/job performance record." This conclusion is consistent with previous opinions concerning complaint documents reflecting allegations of sexual harassment. I have opined that because this type of document was not created as a part of an investigation into a complaint, it does not constitute an "employee evaluation/job performance record." See, e.g., Op. Att'y Gen. No. 96-342; 96-257.
The original complaint, however, could conceivably be deemed to constitute a "personnel record." As indicated previously, Professor Watkins states in his treatise, Arkansas Freedom of Information Act, that "any record pertaining to personnel . . . falls within subsection (b)(10)." Professor Watkins gives a list of such documents, including "complaints." See WATKINS, ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 2d ed. 1994) 125-26.
Question 2 — If these documents do constitute "personnel records," willdisclosure of the documents constitute a clearly unwarranted invasion ofpersonal privacy within the meaning of A.C.A. § 25-19-105(b)(10)?
The question of whether the release of the documents constitutes a "clearly unwarranted invasion of personal privacy" has relevance only to the release of documents that can be classified as "personnel records," which, as I have opined in response to Question 1, could only possibly include the correspondence documents or the original complaint. The release of the other documents will likely be governed by other standards of disclosability, which I will discuss hereinafter.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. The court stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992):
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young, 308 Ark. at 598.
In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Finally, it should be noted that this office has consistently taken the position that the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 94-198, 94-178 and 93-055. See also WATKINS, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 2d ed. 1994) at 126.
It is my opinion that the question of whether the release of any of the correspondence documents that are deemed to constitute "personnel records" would constitute a clearly unwarranted invasion of personal privacy is a factual question that will turn entirely upon the contents of those documents. Again, the balancing test will only apply to those documents that are deemed to constitute "personnel records."
The documents that constitute "employee evaluation/job performance records" (which would likely include the documents you describe as "statements taken by the initial investigator," "the hearing by the review panel," and "the decision of the review panel") should not be released. As indicated previously, such documents are subject to disclosure only if the following conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1). It is my understanding that the employee against whom the allegation of sexual harassment was made was neither suspended nor terminated. Therefore, the test for the disclosability of these records has not been met.
The original complaint, because it could be deemed to constitute a "personnel record" must be analyzed under the balancing test for a "clearly unwarranted invastion of personal privacy," discussed previously. The outcome of that balancing test again, is a question of fact. To the extent that this document may be held subject to disclosure, it should perhaps be noted that this seemingly unfair result of releasing information about an allegation that was held to be without foundation, yet not releasing the exonerating documents, is tempered by the fact that the employee has access to the investigation documents,see A.C.A. § 25-19-105(c)(2), and is free to release them to the public.See, e.g., Op. Att'y Gen. No. 96-257.
With regard to all of the documents under consideration, I must point out a basis upon which all of the documents could, depending upon their contents, be considered exempt from disclosure.
The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure.
Because of the outcome of the investigation, the documents about which you have inquired could contain information the release of which would infringe upon the constitutional right of privacy of the employee against whom the allegation was made. Therefore, in making disclosure decisions, the custodian of the records should specifically consider whether the requested records contain information that meets the criteria set forth in McCambridge.
Question 3(a) — If the documents are not personnel records, or if therelease of the documents will not constitute a clearly unwarrantedinvasion of personal privacy, will the release of the documents with thename of the student (who was also an employee) removed from the documentspursuant to FERPA operate to make the release of the documents a clearlyunwarranted invasion of personal privacy as to the employee whose name isleft in the documents?
I must note initially that I have previously opined that the provisions of the FERPA do not constitute an exception to the FOIA, nor do they preempt the FOIA. See, e.g., Op. Att'y Gen. No. 97-298. Therefore, compliance with the FERPA does not excuse non-compliance with the FOIA. (I have previously noted the difficult position that is created for the administrators of public educational institutions, and the fact that this situation is one that can be dealt with by the legislature. Id.)
In any event, if documents that do not constitute "personnel records" are released, without the name of the employee deleted, the question of whether the release constitutes a "clearly unwarranted invasion of the personal privacy" of that employee is not relevant. As indicated previously, this issue only has relevance to documents that constitute "personnel records." However, the release could violate another exemption, depending upon how the documents are classified. See response to Question 2.
The second part of Question 3(a) appears to ask whether the deletion of one employee's name but not the other from documents that are deemed to constitute "personnel records" the release of which otherwise would not constitute a clearly unwarranted invasion of personal privacy, would cause the release of the documents to constitute a clearly unwarranted invasion of personal privacy. In other words, you appear to be asking whether the deletion of one name but not the other would heighten the privacy interest of the party whose name was not deleted. Although this question is largely one of fact, it is my opinion as a general matter that this would not have the effect of changing the balance of the interests at stake. The privacy interest of an individual who has been exonerated of a sexual harassment allegation will likely be the same regardless of the identity of the person who made the allegation. By the same token, the interest of the public in the conduct of a public official who has been accused of sexual harassment will likely be the same regardless of the identity of the accuser.
Question 3(b) — If the documents are not personnel records, or if therelease of the documents will not constitute a clearly unwarrantedinvasion of personal privacy, will the release of the documents with thename of the student (who was also an employee) removed from the documentspursuant to FERPA operate otherwise to exempt the documents from releaseunder the FOIA?
The answer to this question will depend upon how the documents are classified. See response to Question 2.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh